# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MON SMANN,<br><br>                  Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>                  Respondent. | Case No.: 18CV800-AJB(JMA)<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS** |

Petitioner Mon Smann is a state prisoner, proceeding without counsel, with a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] Petitioner challenges his 2004 conviction for two counts of first degree murder, Cal. Pen. Code § 187(a), and one count of conspiracy to commit murder, Cal. Pen. Code § 182a(a)(1). [*Id.*, Ex. A, p. 37 of 162.] Respondent has filed a motion to dismiss, arguing the Petition must be dismissed because Petitioner's claims are barred by the one-year statute of limitations. [Doc. No. 7.] Petitioner filed a brief in opposition to the motion to dismiss, contending that his Petition should be considered timely because "extraordinary circumstances" exist that entitle him to equitable tolling. [Doc. No. 9.] Having considered the Petition, the parties' briefing and all supporting exhibits and lodgments, the Court

/ /

RECOMMENDS Respondent's motion to dismiss be GRANTED, as explained below.

I. **Introduction and Procedural Background**

The murders for which Petitioner was convicted occurred in 1992 but Petitioner was not convicted until 2004.[1] Thereafter, he appealed. On April 25, 2006, the California Court of Appeal reversed a fine that had been imposed, but otherwise affirmed the judgment. [Doc. No. 8, Lod. 1.] The California Supreme Court denied review, without comment or citation to authority, on August 2, 2006. [*Id.*, Lod. 2.]

Petitioner did nothing more to seek relief until October 21, 2015, when he filed a state habeas petition in the Superior Court of San Diego County.[2] [Doc. No. 1, Ex. A, p. 39 of 162.] That petition was denied on November 2, 2015. [*Id.*] On June 22, 2017, Petitioner filed his second habeas petition in the San Diego County Superior Court, which was also denied. [*Id.*] Petitioner's third petition for habeas corpus was filed on November 3, 2017 and was denied in part on December 22, 2017 and in its entirety on January 24, 2018. [*Id.*, Exs. A & B, pp. 37-57 of 162.] Petitioner then filed the same habeas petition in the California Court of Appeal, which was denied on January 22, 2018. [*Id.*, Ex. C, pp. 59-61.]

---

[1] Petitioner reports that he was arrested for the murders in 1992, but was released after 10 days. [Doc. No. 9, p. 3 of 57.]. Three years later, he returned to Cambodia, his country of origin, because his grandparents were ill. [*Id.*] In 2000, he was extradited from Cambodia and returned to San Diego to stand trial. He was convicted in 2001, but that conviction was overturned by the California Court of Appeal. [*Id.*; Doc. No. 8, Lod. 1.] Thereafter, he was retried and convicted. [Doc. No. 8, Lod. 1.] His second trial and conviction are the subject of the Petition now pending before the Court.

[2] Respondent states following the California Supreme Court's denial of Petitioner's petition for review on August 2, 2006, Petitioner did not take any further action to seek post-judgment relief until he filed a habeas petition in the Superior Court of San Diego County in November 2017. The order denying this habeas petition, however, explains it was Petitioner's third habeas petition, with his first habeas petition being filed on October 21, 2015, as set forth above. [Doc. No. 1, Ex. A, p. 39 of 162.]

Petitioner then filed a habeas petition in the California Supreme Court, which denied his petition on March 28, 2018. [*Id.*, Ex. D, p. 63.] The Petition before this Court was filed on April 25, 2018.[3] As discussed below, the Petition should be dismissed with prejudice because it is time-barred.

## II. The Petition is Time-Barred under the AEDPA

The AEDPA's one-year statute of limitations applies to Petitioner's federal habeas corpus claims. *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1286-87 (9th Cir. 1997), as amended on denial of rhg. and rhg. en banc, cert. denied, 522 U.S. 1099 (1998), overruled on other grounds in *Calderon v. U.S. District Court*, 163 F.3d 530 (9th Cir. 1998), cert. denied, 523 U.S. 1063 (1999). Pursuant to 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] The Court has applied the actual filing date of the Petition because it is unable to determine the constructive filing date. Petitioner has not provided the Court with a proof of service or other evidence that could be used to establish the date he provided the Petition to prison officials for filing. See *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000) (applying "mailbox rule" which provides for the constructive filing of court documents as of the date they are submitted to prison authorities for mailing to the court). In the Court's experience, the constructive filing date generally precedes the actual filing date by a few days. Such a short time period would not alter the Court's finding that the Petition is barred by the AEDPA statute of limitations.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, pursuant to 28 U.S.C. § 2244(d)(1)(A), the conclusion of direct review of Petitioner's conviction occurred on October 31, 2006, ninety (90) days after the California Supreme Court denied Petitioner's petition for review on August 2, 2006. See Rule 13(1), U.S. Sup. Ct. Rules; *Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999). The statute of limitations began running the following day, on November 1, 2006, and, absent any applicable tolling, Petitioner had until November 1, 2007 to file his federal habeas petition. *Id.*; *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file his Petition until April 25, 2018, 11 years, 5 months and 25 days after his judgment became final. Thus, it is untimely unless Petitioner is entitled to statutory or equitable tolling for at least 10 years, 5 months and 25 days of this time period.

**A.** **Statutory Tolling**

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "An application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Waldrip v. Hall*, 548 F.3d 729, 724 (9th Cir. 2008) (citations and internal quotations omitted, emphasis in original). In California, "[a]s long as the prisoner filed a petition for appellate

review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006) (*citing Carey v. Saffold*, 536 U.S. 214, 222-23 (2002)). In the absence of a "clear indication that a particular request for appellate review [in state collateral review proceedings] was timely or untimely, the [court] must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness." *Chavis*, 546 U.S. at 197. It cannot be inferred from a decision on the merits, or a decision without explanation, that the California court concluded the petition was timely. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) (*citing Chavis*, 546 U.S. at 194). "A California court's determination that a filing was untimely, however, is dispositive." *Id.* (*citing Saffold*, 536 U.S. at 226).

Petitioner's conviction became final on October 31, 2006, but he did not take measures to seek any post-conviction relief until October 21, 2015, nearly nine years later. Statutory tolling is unavailable where a petitioner files his first application for post-conviction review after the one-year statute of limitations has expired. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Statutory tolling may only pause, not revive the statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Thus, statutory tolling is not available to Petitioner.

**B.     Equitable Tolling**

The one year statute of limitations for filing a federal habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The diligence required is "reasonable diligence," not "maximum

5
18CV800-AJB(JMA)

feasible diligence." *See Holland*, 560 U.S. at 653; *see also Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010).

Petitioner, who is from Cambodia, contends he is innocent of the crimes for which he's been convicted, but confessed to them due to exhaustion and jet lag, mental health issues, a lack of understanding of the U.S. legal system and culture, and a lack of understanding of the English language. [Doc. No. 9, pp. 3-5 of 57.] Although this confession occurred long before Petitioner's conviction and the start of the statute of limitations period, he implies these factors also contributed to his delay in pursuing post-judgment relief. [*Id.*] In his Petition, Petitioner also claims he was delayed because he did not become aware of the California Supreme Court denial of his petition for review until January 3, 2011, because the attorney that handled his state court appeals failed to inform him of the denial. [Doc. No. 1, pp. 6-7 of 162.]

For the most part, the reasons Petitioner proffers for not pursuing post-judgment relief earlier than he did could best be categorized as "garden variety" contentions of "excusable neglect," which do not serve as a basis for equitable tolling. See *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (observing that equitable tolling should be sparingly applied and even then only where a petitioner is actively pursuing judicial remedies); see also *Delaney v. Matesanz*, 264 F.3d 7, 14-15 (1st Cir. 2001); cf. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("lack of knowledge of applicable filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). Ignorance of the law and lack of legal experience do not excuse an untimely filing, even for a pro se incarcerated prisoner. *Shoemate v. Norris*, 390 F. 3d 595, 598 (8th Cir. 2004); see also *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006) (a petitioner's lack of legal sophistication is not an extraordinary circumstance that warrants equitable tolling. Furthermore, a petitioner's lack of command over the English language

generally is not an extraordinary circumstance warranting equitable tolling. *Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002).[4]

As for Petitioner's remaining argument, the Ninth Circuit has articulated a specific, two-part test for an equitable tolling claim based on a petitioner's mental impairment:

(1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either

(a) petitioner was unable to rationally or factually personally understand the need to timely file, or

(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010); *see also Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing.").

---

[4] The Ninth Circuit has concluded that a non-English speaking petitioner may be entitled to equitable tolling if he can demonstrate that during the limitations period, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from another inmate, prison library personnel or any other source. *Mendoza v. Carey*, 449 F. 3d 1065, 1069-1071 (9th Cir. 2006). Petitioner, however, has made no such allegation in this case.

Here, Petitioner alleges his trial was recessed for three weeks due to his psychotic behavior, that he "has not been cleared by the courts as competent to conduct his own legal redress," and he "is still under stringent mental health care under the EOP Mental Care designation. [Doc. No. 9, p. 5 of 57.] He requests the Court conduct a competency hearing to establish he is entitled to equitable tolling. [*Id.*, p. 10.]

As explained above, the statute of limitations started running on November 1, 2006 and, absent any applicable tolling, Petitioner had until November 1, 2007 to file his federal habeas petition. The mental health treatment records submitted by Petitioner do not indicate he had a severe mental impairment at any point during that time frame. These records pre-date (circa 2001) or post-date (circa 2016-17) the applicable limitations period, and establish that although Petitioner has mental health issues that have required treatment from time to time, his condition during the year the statute of limitations ran was quite stable.[5] Petitioner has provided the Court with a copy of a mental health records review and summary of Petitioner's psychiatric history that was prepared in 2016, after his first suicide attempt. [Doc. No. 9, p. 24 of 57.] This report indicates Petitioner started receiving treatment in 2001, at which time he functioned at the Correctional Clinical Case Management System (CCCMS) level of care. [*Id.*] Thereafter, he received regular psychiatric treatment; however, there is no indication his mental health was so debilitating it could have prevented Petitioner from filing his Petition in a timely manner. To the contrary, in 2007 his condition was so improved that Petitioner was discharged to the general population and he

/ /

---

[5] Petitioner has also provided a portion of the transcript of a hearing held by the trial court on July 15, 2004, at which time the court determined Petitioner was competent to stand trial. [Doc. No. 9, pp. 45-52 of 59.]

was not readmitted to the Enhanced Outpatient Program until April 2016, long after the limitations period had expired. [*Id.*]

With respect to Petitioner's request the Court conduct a hearing to evaluate whether he is entitled to equitable tolling, such a hearing is not warranted. A petitioner alleging a severe mental impairment during the filing period is not entitled to an evidentiary hearing unless he or she makes "a good faith allegation that would, if true, entitle him to equitable tolling." *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003); *see also Orthel*, 795 F.3d at 939-40 ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence.") (*quoting Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).)

In sum, the mental health records establish that while Petitioner suffers from mental illness, his condition was not severe enough during the limitations period to prevent him from understanding the need to timely file a federal petition or from taking steps to effectuate this filing.

Furthermore, although the Court's discussion has primarily focused on the whether Plaintiff's mental impairments constitute an "extraordinary circumstance," the test for an equitable tolling claim has two parts. Under the second part, a petitioner must show he was diligent in trying to timely file his habeas petition. *See e.g. Pace*, 544 U.S 418. Here, Petitioner has not made any showing that he was diligent in pursuing his federal habeas claims and, thus, also does not satisfy the second element of his equitable tolling claim.

## III. RECOMMENDATION

After a thorough review of the record in this matter, the undersigned magistrate judge finds Petitioner has not shown that he is entitled to tolling of the

/ /

AEDPA's statute of limitations. Accordingly, the undersigned magistrate judge hereby recommends Respondent's Motion to Dismiss be **GRANTED**.

This Report and Recommendation is submitted to the Honorable Anthony J. Battaglia, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that not later than **October 19, 2018**, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation**." IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **October 26, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: September 28, 2018

Honorable Jan M. Adler
United States Magistrate Judge