UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mon Smann,<br><br>        Petitioner,<br><br>v.<br><br>Daniel Paramo, Warden,<br><br>        Respondent. | Case No.: 18-cv-0800-AJB-LL<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT & RECOMMENDATION; (Doc. No. 10);**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. No. 7); and**<br><br>**(3) DISMISSING PETITIONER'S HABEAS PETITION (Doc. No. 1).** |

  Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2004 convictions. Respondent moved to dismiss, arguing Petitioner's claims were barred by a one-year statute of limitations. That motion was referred to a magistrate judge for a Report & Recommendation, ("R&R"). The R&R recommends the Court grant the dismissal motion and dismiss Petitioner's petition. Petitioner objected to the R&R, presenting new medical records and asserting the statute of limitations should be tolled. For the reasons stated herein, the Court **ADOPTS** the R&R's conclusions, (Doc. No. 10), **GRANTS** Respondent's motion to dismiss, (Doc. No. 7), and **DISMISSES** Petitioner's petition for a writ of habeas corpus without leave to amend, (Doc. No. 1).

## I. BACKGROUND

The factual background of Petitioner's case was thoroughly explained in the R&R, and thus the Court only reiterates the facts as relevant to this motion. (Doc. No. 10 at 2–3.) Petitioner was convicted of murder in 2004. He appealed his conviction to the California appellate and Supreme Court. In April and August of 2006, both courts affirmed the judgment, respectively. Petitioner then waited until October 21, 2015, to file his first habeas petition in superior court. On June 17, 2017, he filed his second habeas petition in superior court. And on November 3, 2017, he filed his third habeas petition in superior court. All three petitions were denied. Petitioner re-filed his third habeas petition in the California court of appeal, which denied it on January 22, 2018. He then filed a habeas petition in the California Supreme Court, which denied it on March 28, 2018. He filed his habeas petition with this Court on April 25, 2018.

## II. LEGAL STANDARDS

"The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n. 5 (D. Ariz. 2003) (applying *Reyna–Tapia* to habeas review).

## III. DISCUSSION

Respondent's motion to dismiss argues Petitioner's habeas petition must be dismissed as time-barred. (Doc. No. 7.) The R&R agrees, recommending this Court grant the motion to dismiss and dismiss the petition because it falls outside the one-year statute of limitations imposed by the AEDPA. (Doc. No. 10 at 3.) Petitioner argued in opposition that the time limit should be tolled due to extraordinary circumstances. (Doc. No. 9 at 3–5.) However, the R&R finds Petitioner's excuses to not rise to that level. (Doc. No. 10 at 9.) In his objections to the R&R, Petitioner argues that equitable tolling should apply and

2

18-cv-0800-AJB-LL

provides additional medical records during the time when which the tolling period was running: November 2006, to November 2007. (Doc. No. 11.) Because Petitioner does not dispute that his petition is untimely, the Court **ADOPTS** those conclusions made by the magistrate judge.

The Ninth Circuit has articulated a specific, two-part test for an equitable tolling claim based on a petitioner's mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable to rationally or factually personally understand the need to timely file, or
> >
> > (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010); *see also Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing.").

The R&R notes that the health treatment records Petitioner attached were either before the habeas filing period (2001) or after (2016–2017). (Doc. No. 10 at 8.) However, the R&R details a 2016 report which summarizes some of Petitioner's past medical history. (*Id.* at 8.) That report shows that "in 2007 his condition was so improved that Petitioner was discharged to the general population and he was not readmitted to the Enhanced Outpatient Program until April 2016, long after the limitations period had expired." (*Id.* (quoting Doc. No. 9 at 24).) Thus, the R&R determined that under the first prong, "the

3

mental health records establish that while Petitioner suffers from mental illness, his condition was not severe enough during the limitations period to prevent him from understanding the need to timely file a federal petition or from taking steps to effectuate this filing." (*Id.* at 9.)

Petitioner attaches more medical records to his objection. A report dated November 21, 2006—squarely within the tolling period—indicated that Petitioner stopped medication when he arrived at a new facility and denied hearing voices in his head. (Doc. No. 11 at 25–26.) On another entry dated December 4, 2006, the notetaker described Petitioner as having good eye contact, did not appear to be anxious, was not having nightmares, had good hygiene, and notes that Petitioner "denied depression." (*Id.* at 27.) On January 7, 2007, Petitioner denied psychotic symptoms and being depressed. (*Id.* at 28.) He told the physician he was "okay" and stated he "did not want medication." (*Id.*) The next record, from February, states that Petitioner continued to deny hallucinations, being depressed, suicide ideation, and notably "continues to be symptom free according to [Petitioner]." (*Id.* at 29.) March shows much of the same. Petitioner admitted to feeling stressed but denied mental health issues and declined medication. (*Id.* at 30.) At one point, Petitioner did request to see someone for mental issues, but when seen, Petitioner stated he requested to be seen because he had heard his parents were in a plane crash, but then later heard they were fine. (*Id.* at 34.) The physician noted Petitioner seemed depressed, but that Petitioner denied suicide ideation. (*Id.*) In August 2007, Petitioner "continues to deny symptoms" and "denied voices, hallucinations, suicide ideation." (*Id.* at 33.)

The Court finds that overall these records show Petitioner was likely suffering from varying levels of mental illness and depression during the tolling period. However, while the Court is sympathetic to Petitioner's mental health issues, the records do not show that Petitioner was so severely impaired that he was unable to rationally or factually personally understand the need to timely file, or that his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing. *Bills*, 628 F.3d at 1099–1100. Petitioner suggests that due to cultural and emotional differences in his upbringing, it is

possible he was "faking it" since 2001. (*Id.* at 5.) However, since 2001, Petitioner appealed his conviction to the California appellate and Supreme Court, filed three habeas petitions, appealed one of them, and filed the current habeas petition. Thus, looking at the evidence as a whole, the Court finds that his mental condition, whether faking it or not, did not prevent him from navigating the justice system at any particular period. Nor has Petitioner shown that any severe mental impairment kept him from filing his habeas petition during the tolling period.

Thus, the Court overrules Petitioner's objection to the magistrate judge's R&R.

## IV. CERTIFICATE OF APPEALIBILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finding that this order did not reach the merits of Petitioner's petition, and as such did not deny any constitutional rights, the Court **DECLINES** to issue a certificate of appealability in this case.

## V. CONCLUSION

For the reasons stated herein, the Court **ADOPTS** the R&R, (Doc. No. 10), **GRANTS** Respondent's dismissal motion, (Doc. No. 7), and **DISMISSES** Petitioner's writ without leave to amend, (Doc. No. 1). The Court Clerk is instructed to close the case.

**IT IS SO ORDERED**.

Dated: March 29, 2019

Hon. Anthony J. Battaglia
United States District Judge